UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHURCH OF THE KING OF LAKE CHARLES** | **CASE NO. 2:20-CV-01514** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GUIDEONE MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is a "Motion for Summary Judgment" (Doc. 33) filed by defendant GuideOne Mutual Insurance Company ("GuideOne") who moves for partial summary judgment to limit any jury award to the limit of insurance contained in its policy.

**FACTUAL STATEMENT**

On August 27, 2020 Hurricane Laura caused significant damage to Plaintiff's property located on 2145 Oak Park Blvd. On October 9, 2020, Hurricane Delta caused new and damage to the property.

GuideOne issued a policy of insurance to Plaintiff, Church of the King of Lake Charles (hereinafter referred to as the "Church") for the policy period from 10/06/2019 to 10/06/2020. The policy limits were $3,402,900 for the property located on 2145 Oak Park Blvd. and $615,690 in personal property, subject to a 5% hurricane deductible. GuideOne issued another policy from 10/06/2020 to 10/06/2021 with policy limits of $3,537,000 for the property located on 2145 Oak Park Blvd. and $636,660 in personal property with a 5% hurricane deductible.

On March 29, 2021, the umpire issued a signed Appraisal Award which awarded $3,754,980.81 Actual Cash Value ("ACV")/ $4,302,433.83 Replacement Cost Value ("RCV") for the building located at 2145 Oak Park Blvd. and $769,459.21 ACV/ $855,776.45 RCV for the business property/contents, with both amounts subject to a 5% hurricane deductible.

The Church has filed this lawsuit to recover disputed damages, and penalties and fees pursuant to Louisiana Revised Statutes 18:1892 and 18:1973.

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

GuideOne moves for summary judgment for a ruling by the Court that the appraisal award should be limited to the policy limits of the relevant GuideOne policy, subject to credit for all amounts paid to date. GuideOne states that such a ruling will have no affect on Plaintiff's claims for penalties and fees under Louisiana Revised Statutes § § 22:1892 and 22:1973.

Plaintiff does not oppose the motion as long as it does not affect its claims for penalties and fees, and considering that the policy limits apply to each claim separately, not to both claims collectively such that Plaintiff can rightly claim the full policy limit for each claim made for Hurricane Laura and Hurricane Delta.[1]

---

[1] Plaintiff's Opposition to Motion for Summary Judgment, Doc. 43.

However, the Court has now ruled that the Appraisal Award is not binding on the parties. Consequently, the Court finds that GuideOne's Motion for Summary Judgment is moot.

## **CONCLUSION**

The Court will deny GuideOne's Motion for Summary Judgment as moot.

**THUS DONE AND SIGNED** in Chambers on this 4th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**