UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHURCH OF THE KING OF LAKE CHARLES** | **CASE NO. 2:20-CV-01514** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GUIDEONE MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 34) filed by Plaintiff Church of the King ("Church") that moves for a grant of partial summary judgment against Defendant GuideOne Mutual Insurance Company ("Guideline").

## FACTUAL STATEMENT

On August 27, 2020 Hurricane Laura caused significant damage to Plaintiff's property located on 2145 Oak Park Blvd. On October 9, 2020, Hurricane Delta caused new damage to the property.

GuideOne issued a policy of insurance to Plaintiff, Church of the King of Lake Charles (hereinafter referred to as the "Church") for the policy period from 10/06/2019 to 10/06/2020. The policy limits were $3,402,900 for the property located on 2145 Oak Park Blvd. and $615,690 in personal property, subject to a 5% hurricane deductible. GuideOne issued another policy from 10/06/2020 to 10/06/2021 with policy limits of $3,537,000 for the property located on 2145 Oak Park Blvd. and $636,660 in personal property with a 5% hurricane deductible.

On March 29, 2021, the umpire issued a signed Appraisal Award which awarded $3,754,980.81 Actual Cash Value ("ACV")/$4,302,433.83 Replacement Cost Value ("RCV") for the building located at 2145 Oak Park Blvd. and $769,459.21 ACV/ $855,776.45 RCV for the business property/contents, with both amounts subject to a 5% hurricane deductible.

The Church has filed this lawsuit to recover disputed damages, and penalties and fees pursuant to Louisiana Revised Statutes 18:1892 and 18:1973.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALASYS

This motion for partial summary judgment is limited to (1) whether the appraisal award in the underlying GuideOne insurance policy is binding, and (2) whether GuideOne had a duty to compensate the Church for all contractual damages documented in the appraisal award, less those amounts previously tendered, within thirty or sixty day of receipt of the appraisal award, respectively.

The Policy contains an appraisal provision as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. . .[1]

---

[1] Plaintiff's exhibit B, pp. 20, 21.

The Policy also contains a LOUISIANA CHANGES endorsement which the Church asserts replaces the original appraisal provision with the following language:

> **G.** The Appraisal Loss Condition is replaced by the following unless Paragraph **H.** applies
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  Any outcome of the appraisal will not be binding on either party. . .[2]

The Policy also contains a later endorsement as follows:

> **E. LOSS CONDITIONS, 2. Appraisal** is deleted in its entirety.[3]

The parties participated in the appraisal process and both appraisers signed an appraisal award documenting the covered damages to the Church and the house, caused by Hurricanes Laura and Delta.[4]  Plaintiff complains that as of this date, GuideOne has not compensated the Church according to the appraisal award. Plaintiff maintains that based on Louisiana law, the appraisal award is binding and thus, seeks a ruling to that effect and that GuideOne has a duty to compensate the Church according to the appraisal award.

The Church argues that the Louisiana Standard Fire policy, as codified, mandates that appraisal awards are binding despite the language in the Policy.  The Court disagrees.

---

[2] Id. p. 2.
[3] Id. p. 1.
[4] Plaintiff's exhibit A, ¶ 17; Attachment 1 of Plaintiff's exhibit C, Appraisal Award.

In *GeoVera Specialty Insurance Company v. Joachin,* 2019 WL 8273471 (E.D. La. 2019), the court explained that fire policies and homeowner's policies are two separate and distinct types of insurance. The *GeoVera* court explained as follows:

> [T]he Fifth Circuit and other district courts have acknowledged that there is uncertainty on whether statutory provisions related to fire insurance policies are applicable to homeowners' insurance policies. Generally, however, courts have determined that the Louisiana Supreme Court's analysis in a footnote of *Landry v. Louisiana Citizens' Property Insurance. Co.,*[5] indicates that the Louisiana Supreme Court would consider statutory language referring to fire insurance policies as inapplicable to homeowners' insurance policies. The Louisiana Supreme Court has affirmed this reading by stating in a post-*Landry* opinion "that, although homeowners' insurance includes coverage against fire and related damages, they are nonetheless two separate types of insurance and a legislative reference to 'fire insurance' does not include homeowners' insurance."[6]

*Geovera Specialty Insurance Company,* 2019 WL 8273471 at *9 (citations omitted).

Despite the language of the Standard Fire Policy, the Louisiana Commissioner of Insurance issued Directive No. 173 on October 5, 2020 (originally issued January 15, 2003) which demonstrates that any insurer's inclusion of a binding appraisal clause is unlawful.[7]

The Court finds that Louisiana Revised Statute 22:1131 does not apply here, and the policy clearly states that the appraisal is not binding on the parties. Consequently, the Court also finds that the Appraisal Award is not binding; the Court will defer to the merits the compensation GuideOne owes to the Church for damages.

---

[5] 983 So.2d 66, 74-76 n.10 (La. 2008).

[6] *Taranto v. Louisiana Citizens Prop. Ins. Corp., 2010-0105 (La. 3/15/11), 62 So. 3d 721, 744* (citing *Landry v. La. Citizens Property Ins., 2007–1907 (La.5/21/08), 983 So.2d 66, 75 n. 10* ("a fire policy, even if it includes coverage for perils other than fire as allowed by La. R.S. 22:691(E), is entirely distinct from a homeowners' policy.")).

[7] See Directive No. 173, made part of the Louisiana Department of Insurance, Office of Property and Casualty, Policy Form Filing Handbook, July 2018 Edition.

## CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment filed by the Church will be denied.

**THUS DONE AND SIGNED** in Chambers on this 4th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**