UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHURCH OF THE KING OF LAKE CHARLES** | **CASE NO. 2:20-CV-01514** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GUIDEONE MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude Expert Testimony of Defendant's Alleged Expert, Louis Fey" [Doc. 58] filed by Plaintiff, Church of the King of Lake Charles ("COTK"). Defendant opposes the motion [Doc. 61].

## BACKGROUND

Plaintiff, Church of the King of Lake Charles ("COTK"), owned two properties located at 2134 Oak Park Boulevard, Lake Charles, Louisiana 70607 (the "Church") and 800 4th Street, Dequincy, Louisiana 70633 (the "House").[1] Both properties were used as religious facilities.[2] GuideOne Mutual Insurance Company ("GuideOne") provided a policy of insurance (Policy No. 125-176) which provided coverages for the properties at all relevant times against perils, including hurricanes.[3]

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 58-1.

On or about August 27, 2020, Hurricane Laura caused significant damages to the properties. COTK reported the losses to GuideOne, who assigned the losses a claim number AA138174.[4] On October 9, 2020 Hurricane Delta caused new damages to the property and COTK reported these losses to which they were assigned claim number AA140032.[5]

Plaintiff contends that GuideOne failed to properly and adequately adjust either claim and failed to adequately compensate Plaintiff for its covered losses.[6] Defendant, GuideOne, argues that the claims were properly adjusted by GuideOne.[7]

On or about February 9, 2021, Plaintiff invoked the appraisal provision of the policy and GuideOne agreed to submit to the appraisal under the terms of the policy.[8] Plaintiff named Luke Irwin as its appraiser. GuideOne named Joel Moore as its appraiser.[9] On March 17 and 19, the appraisers for both Plaintiff and Defendant signed an Appraisal Award, setting the damages under eight separate policy coverages for the Church and four policy coverages for the house.[10]

Plaintiff argues that despite the Appraisal Award being signed by its own appraiser, GuideOne refused to pay the stipulated amounts.[11] GuideOne retained Louis Fey to review

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Doc. 62.
[8] Doc. 62; Doc. 58-1.
[9] Doc. 57-1.
[10] *Id;* Doc. 57-2.
[11] Doc. 58-1

GuideOne's handling of the claim and attest to their handling of the claim with regards to industry standards, customs, and practices applicable to claims handling.[12]

Plaintiffs seek to exclude Mr. Fey claiming that he is not qualified, reliable and that his report contains inaccurate information. In response, Defendants argue that Mr. Fey is not testifying about the appraisal itself, only the handling of the initial claim and appraisal award.[13] Furthermore, Defendants maintain that Mr. Fey's opinions are relevant to attest to GuideOne's handling of the claim as well as if GuideOne acted arbitrarily and capriciously.[14] Defendants assert that Mr. Fey's extensive history handling claims as well as his multiple claims certification in the insurance field qualify him as an expert to testify regarding the claims handling of GuideOne.[15]

## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

---

[12] Doc. 58-3.
[13] Doc. 61.
[14] *Id.*
[15] *Id.*

Under the Federal Rules of Evidence, a district court has discretion to admit or exclude expert testimony. *General Elec. Co. v. Joiner,* 522 U.S. 136, 139 (1997). The Supreme Court has announced that Fed. R. Evid. 702 requires a district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579, 589 (1993). Fed. R. Evid. 702 requires that a witness be qualified to offer expert opinions. The District Court may admit an expert's testimony "if there is some reasonable indication of qualifications," and "then the expert's qualifications become an issue for the trier of fact." *Durr,* 2019 WL 646471, at *2 (citing *Rushing v. Kan. City S. Ry.,* 185 F.3d 496, 507 (5th Cir. 1999)). Importantly, the Supreme Court has also clarified that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by *ipse dixit* of the expert." *Kumho Tire Co., Ltd. V, Carmichael*, 526 U.S. 137, 157 (1999), citing *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512.

"The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid." *Durr v. GOL, LLC,* 2019 WL 646471, at *2 (E.D. La. Dec. 2, 2019) (citing *Daubert,* 509 U.S. at 592–93)). To assist the court in evaluating reliability, the Supreme Court set forth a non-exclusive list of considerations: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4)

the general acceptance of the methodology in the scientific community. *Id.* at 592–95. The proponent of the testimony must establish its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998).

The District Court must also determine whether the expert's methodology comports with the facts of the case and whether it will help the trier of fact to understand the evidence. *Daubert,* 508 U.S. at 591. An expert's testimony is not relevant and excludable if it regards an issue that is "well within the common sense understanding of jurors or requires no expert testimony." *Durr,* 2019 WL 646471, at *2 (quoting *Vogler v. Blackmore,* 352 F.3d 150, 156 (5th Cir. 2003)).

### B. Application

Plaintiffs recognize Mr. Fey has reasonable qualifications to testify on claims handling. Doc. 58-1. However, Plaintiffs' concern is that Mr. Fey may exceed his scope of his expertise and opine on the appraisal. Defendants maintain that Mr. Fey is qualified to testify on insurance claims handling practices and argue that Mr. Fey is not testifying about the appraisal itself, but only the reaction and handling of the claim by GuideOne after receiving the initial claim and the appraisal award. Doc. 61.

The Court notes that Mr. Fey has a vast amount of experience in the area of insurance industry standards, customs, and practices applicable to insurance claims handling. Mr. Fey meets the *Daubert* standards and has been accepted as an expert witness in many other cases. Doc. 61-1. Indeed, Plaintiff's "concerns regarding the bases of [Fey's]

opinions can be addressed through cross-examination of [Fey] and the presentation of countervailing testimony, as those issues go to the weight, not the admissibility, of [Fey's] testimony." *Durr,* 2019 WL 6464971 at *4 (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 562 (5th Cir. 2004)). Accordingly, Plaintiff's motion to exclude Mr. Fey is DENIED.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [Doc. 58] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of November, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**